IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DWAYNE ALLEN FISHER, | : | |
| Plaintiff | : | |
| VS. | : | |
| Assistant District Attorney GREGORY LYN BUSHWAY and Jones Co. Sheriff R.N. BUTCH REECE, | : | NO. 5:07-cv-49 (CAR) |
| Defendants | : | **O R D E R** |

*Pro se* plaintiff **DWAYNE ALLEN FISHER**, a former inmate at the Jones County Jail, has complied with the previous order of this Court to provide an *in forma pauperis* form and supporting documentation concerning his IFP application (Tab # 5), as well as to complete and sign a 42 U.S.C. § 1983 complaint form. Upon examination of plaintiff's IFP form, it appears that plaintiff is unable to pay the cost of commencing this action. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

*I. STANDARD OF REVIEW*

   *A. 28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action

1

is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. MOTION TO AMEND

As an initial matter, the Court notes that plaintiff has filed a motion to amend (Tab # 10), wherein he seeks to add as co-plaintiffs Lisa Douglas, his fiancee, and Darlene Burkhalter, his mother. However, Douglas and Burkhalter have not signed the complaint, and there is no indication that they wish to participate as plaintiffs in this action. Moreover, plaintiff has no standing to sue on behalf of his fiancee or mother for alleged violations of their constitutional rights. *See generally Allen v. Wright*, 468 U.S. 737, 751 (1984) (a party generally may assert only his or her own rights and cannot raise the claims of third parties not before the court). If plaintiff's fiancee or mother wish

to exercise their legal rights or bring claims, they must do so on their own behalf. Accordingly, plaintiff's motion is **DENIED**.

## III. BACKGROUND

Plaintiff states that on August 23, 2006, detectives Jimmy Black and Gerry Nelson (not named as defendants) searched his home at the Mini-Storage Warehouse, which was also apparently plaintiff's place of employment. Plaintiff maintains that numerous items, some of which belonged to his mother, were seized during the search. Plaintiff and his fiancee were arrested on charges of conspiracy to possess and distribute methamphetamine and taken to the Jones County Jail. Plaintiff claims that such charges were brought "as a means in which to steal [plaintiff's] confiscated property."

On or about October 15, 2006, plaintiff was given notice of forfeiture proceedings against his property and told he had 30 days in which to contest said forfeiture. According to plaintiff's pleadings, plaintiff's mother and fiancee also both received notice of the forfeiture proceedings against the property. Notwithstanding the notice, plaintiff claims that the "seizure and sale was unlawful according to the United States Constitution and Georgia State law."

Plaintiff further alleges that, as of February 26, 2007, a grand jury had not indicted him. Plaintiff also claims that he had to remain in the Jones County Jail, from August 23, 2006 to on or about March 12, 2007, because his bail, $125,000, was excessive.

As relief, plaintiff seeks reimbursement for his seized items, "recovery of front pay and back pay," and "injunctive relief against any State prosecution." He names as defendants Jones County Sheriff R.N. Butch Reece and prosecutor Gregory Lyn Bushway.

## IV. DISCUSSION

### A. Prosecutorial Immunity

It is well-established that prosecutors are absolutely immune from liability when engaged in initiating a prosecution or presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Absolute immunity is essential so that prosecutors can perform their duties without harassment or intimidation. *Id.* at 424-25. This immunity includes "actions taken in connection with a bail application which are best understood as components of the initiation and presentation of a prosecution." *Jones v. Clark*, No. 2:05-cv-5-F, 205 WL 1126778 (M.D. Ala. May 4, 2005) (citing *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1149 (2d Cir. 1995))." Therefore, in the initiation and maintenance of these criminal proceedings, Bushway is entitled to absolute immunity.

### B. Adequate Post-Deprivation Remedies

As to plaintiff's claim for return of his forfeited property, the Eleventh Circuit Court of Appeals has explained that a plaintiff cannot bring a section 1983 procedural due process claim for wrongful retention of his property where adequate post-deprivation remedies exist at the state level. *See Lindsey v. Storey*, 936 F.2d 554, 560 (11th Cir. 1991) ("Even assuming the continued retention of plaintiff's personal property is wrongful, no procedural due process violation has occurred 'if a meaningful postdeprivation remedy for the loss is available'") (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). It appears that a state forfeiture action took place in this case. Plaintiff states that on October 15, 2006, he was personally served with notice of this action. This forfeiture proceeding provided plaintiff "a postdeprivation avenue of recovery" for the items he claims were wrongfully seized. *Lindsey*, 936 F.2d at 561.

Even assuming plaintiff did not have adequate notice and an opportunity to contest the forfeiture, there still exists an adequate postdeprivation remedy in Georgia. Under Georgia law, plaintiff can bring a civil action for wrongful conversion of personal property under O.C.G.A. § 51-10-1. "This statutory provision covers the unauthorized seizure of personal property by police officers ... [and] provide[s] an adequate postdeprivation remedy when a plaintiff claims that the state has retained his property without due process of law." *Byrd v. Stewart*, 811 F.2d 554, 555 n.1 (11th Cir. 1987). It does not appear that plaintiff has availed himself of this remedy. Because plaintiff has adequate post-deprivation remedies available, he has failed to allege a violation of his Fourteenth Amendment rights.

### C. *Excessive Bail Bond*

Plaintiff complains that the bail bond imposed upon him - $125,000 - was excessive and "impossible" to pay. Plaintiff's attorney filed a motion for bond reduction and a hearing was held on December 14, 2006, at which time a judge denied plaintiff's motion.

The inability of a defendant to post bail does not necessarily mean that the bail is excessive. *United States v. McConnell*, 842 F.2d 105, 107 (5th Cir.1978) ("[B]ail setting is not constitutionally excessive merely because a defendant is financially unable to satisfy the requirement."); *see also Pugh v. Rainwater*, 572 F.2d 1053, 1069 (5th Cir.1978) (Coleman, J., concurring) ("[P]eople may not be denied reasonable bail in bailable cases, but they are not entitled to bail on their own terms.... If reasonable bail is set and the defendant cannot make it the Constitution does not command that he shall be released."). Moreover, plaintiff makes no specific allegations as to why his bail bond was excessive (other than he could not afford it).

In addition, neither Bushway nor Reece ultimately set plaintiff's bail bond. *See* O.C.G.A. § 17-6-1 (bond set by judicial officer). Any claim for excessive bail that plaintiff might conceivably have would thus not be valid against the named defendants.

### D. *Younger* Abstention

As part of his relief, plaintiff requests "injunctive relief against any State prosecution." This Court, however, is prohibited from enjoining plaintiff's pending state criminal case. In ***Younger v. Harris***, 401 U.S. 37 (1971), the Supreme Court held that concerns of equity, comity, and federalism require that federal courts abstain from interfering with state court criminal proceedings absent "extraordinary circumstances." *Younger* abstention is required when: (1) a state proceeding is pending; (2) the state proceeding involves important state interests; and (3) the state proceeding affords an adequate opportunity to raise the constitutional issue. ***Middlesex Co. Ethics Comm'n v. Garden State Bar Ass'n***, 57 U.S. 423, 432 (1982).

Applying the above principles, the Court finds that abstention is appropriate: (1) plaintiff's criminal prosecution is ongoing; (2) the criminal prosecution involves important state interests; and (3) plaintiff has failed to allege that he cannot assert any constitutional claims in the state proceeding.

### E. *Heck v. Humphrey*

As to plaintiff's claims for "front and back pay," plaintiff may not seek damages on his unconstitutional confinement claim because such a claim is barred by the Supreme Court's decision in ***Heck v. Humphrey***, 114 S. Ct. 2364 (1994) (conviction or sentence must be declared invalid or expunged before a plaintiff may seek money damages for false imprisonment). Plaintiff must first

prove that the criminal charges against him, as well as any prosecution arising therefrom, have been favorably terminated. ***Heck v. Humphrey***, 114 S. Ct. 2364 (1994); ***Uboh v. Reno***, 141 F.3d 1000, 1006-07 (11th Cir. 1998).

## *V. CONCLUSION*

The Court has carefully considered all other allegations raised by plaintiff and finds them to be without merit. In light of the above, the instant action is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 11th day of April, 2007.

                                      S/ C. Ashley Royal
                                      C. ASHLEY ROYAL
                                      UNITED STATES DISTRICT JUDGE

cr